06/20/23 for mailing by AVL DVA

Date    Initials

3:23-CU-746-BJD-CCC

In The United States District Courts, fourth District
JACKSONVILLE, FLORIDA

In Interest of:                           ) Case No: 16-2011-CF-008263-Axxx-MA
DEMARCO ALDEN VARNES-APPLING )            16-2011-CF-008264-Axxx-MA
        PETITIONER                  )     16-2011-CF-008265-Axxx-MA
                                    )     16-2011-CF-008352-Axxx-MA
V                                   )     16-2011-CF-008353-Axxx-MA
                                    )     16-2011-CF-008354-Axxx-MA
CLERK OF FOURTH JUDICIAL            )     16-2011-CF-008355-Axxx-MA
    CIRCUIT COURT                   )     16-2011-CF-008356-Axxx-MA
      RESPONDENT                    )     16-2011-CF-008357-Axxx-MA
                                    )     16-2011-CF-008358-Axxx-MA


ORDER OF PROHIBITION/MANDAMUS AND DEMAND IMMEDIATE DISCHARGE


Comes now, DEMARCO ALDEN VARNES-APPLING©, Petitioner, Secured
Party Creditor asking this honorable Court to issue a Order of
Prohibition/Mandamus and Demand Immediate Discharge of all
obligations and for ~~the~~ Respondent to issue or render to petitioner
a reciept for discharge on the above style Case/Account numbers
and Immediate release of (PERSON 711.501) incarceration, and
in support of this petition states as follow:

## II  JURISDICTION

This honorable Court has Jurisdiction to Consider this
Order for Prohibition/Mandamus pursuant to Article III of the
Florida Constitution.

## III  FACTUAL BACKGROUND

1. On August    , 2012, Petitioner was Convicted on Case number(s)

Pg. 1

16-2011-CF-008263-Axxx-MA, 16-2011-CF-008264-Axxx-MA, and 16-2011-CF-008265-Axxx-MA of one Count of Aggravated Battery on Law enforcement officer with a deadly weapon (1st Degree Felony) and two Counts of Aggravated Assault on a Law enforcement officer with a Deadly weapon (Both 2nd Degree felony) on September 20, 2012 Petitioner was Sentence on the aforementioned Charges. (see Appendix)

2. August    , 2012 Petitioner was Convicted on Case numbers 16-2011-008352-Axxx-MA, 16-2011-CF-008353-Axxx-MA, 16-2011-CF-008354-Axxx-MA, 16-2011-CF-008355-Axxx-MA, 16-2011-CF-008356-Axxx-MA, 16-2011-CF-008357-Axxx-MA and 16-2011-CF-008358-Axxx-MA on four Counts of Burglary to structure of Conveyance Damages over $1,000.00 (1st Degree felony) and two Attempted Burglary to a structure of Convenyance Damages over $1,000.00 (2nd Degree felony) and one Count of Grand Theft Auto (3rd Degree felony) on September 2012, Petitioner was sentence on the aforementioned Charges (see appendix)

3. On May 16, 2023, Petitioner tendered a Notice of Acceptance For Value & Exemption from Levy for Settlement and Closure of All Account(s): Case(s) on the above style Case numbers; 16-2011-CF-008263-Axxx-MA, 16-2011-CF-008264-Axxx-MA, 16-2011-CF-008265-Axxx-MA, 16-2011-CF-008352-Axxx-MA, 16-2011-CF-008353-Axxx-MA, 16-2011-CF-008354-Axxx-MA, 16-2011-CF-008355-Axxx-MA, 16-2011-CF-008356-Axxx-MA, 16-2011-CF-008357-Axxx-MA, and 16-2011-CF-008358-Axxx-MA, in which Respondent did not send Petitioner a reciept for Discharge, settle and closure of Accounts and Record Satisfaction of Judgement Pursuant to 55.141 FLA. Stat., Nor a 1099 OID Original Issue Discount,

Pg 2

# MEMORANDUM OF LAW

Art. 1 Section 11, Florida Constitution, in pertinent part...
... Shall not be imprisoned for debt... In Mcgill v. Mcgill 19 FlA. 341 (1882), "Statute is a Bond for payment" Our U.S. S.Ct. has said "Statutory Schemes that convert Criminal fines into debt collecting devices are patently unconstitutional" Tate v. Short 401 U.S. 660 (1971). It Can be easily shown that people Convicted of Crimes may Pay a fine, See Code of Federal Regulations 27 C.F.R. 72.11 all Crimes are Commercial (we do not have debtor prisons) Fla. stat 960. 293 (2)(a)(b), also supports such and defines "Mandatory Monetary Value Section" also section 938.30(1) shows "Statutory Financial obligations" This Fact has been shown over the years Public Citizens v. DEPT Justice 491 U.S. 440; which explains (F.O.I.A.) Freedom of Information Act.

U.S. (United States) supreme Court has also shown such, Miluakee County v. Me. White co. 296 U.S. 268; 56 S.Ct. 229 〈1935〉 showing that, petitioners May Satisfy Judgement anytime section 55.141 (1)(2) Fla. Stat. a Judgement is an obligation to pay money in nature of debt.

Where this Court finds it Just to issue writ and granting all relief Sought as mandamus is the only legal remedy at Law.

## RELIEF SOUGHT

The Nature of Relief Sought in this action at laws Petitioner by and through his undersigned agent, Commercial Registry No. 202108999121, order this court to satisfy

Judgement in all the Case/Accounts listed above: effective immediately and all other relief not specifically stated but not limited to:

1) Full Release of person named on all Judgements for any and all further obligations

2.) Full Discharge as required under and by Fla. Stat. 55.141(1)(2) along with 55.203(a)(F)

3) For the Respondent to perform its Ministrial Duty Bantuelle v. Benfore 620 S.W. 20 635

## VERIFICATION

Witness my hand and Seal that on this        day of 2023, I have read this document and all facts are truth in Law and fact.



/S/ _____

Secured Party / agent For
DEMARCO ALDEN VARNES-APPLING©℠

## CERTIFICATE OF SERVICE

A True Copy was sent to: Clerk/Comptroller To. be forward to a Judges chambers for a full Review and Resolution on whether Debt is paid.

_____

Secured Party / Agent For
DEMARCO ALDEN VARNES-APPLING©℠

Pg. 4